UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

WINDSOR BLACK, INC.

              Plaintiff

         -against-

KEITH PHILLIPS,

              Defendant
-------------------------------------------------------------x

**JUDGE KARAS**

Complaint

Index No.

**07 CIV. 7337**

Plaintiff WINDSOR BLACK, INC. by its attorney Joel Field, Esq. as and

for its complaint against defendant KEITH PHILLIPS respectfully alleges as follows:

### JURISDICTION AND VENUE

FIRST: Plaintiff WINDSOR BLACK INC. ("Plaintiff"), a corporation

existing under the laws of the State of Delaware with its principal place of business

located in Ridgewood, New Jersey, invokes the jurisdiction of the Court in this matter, a

controversy between citizens of different states where the amount in controversy exceeds

the sum of Seventy-Five Thousand ($75,000) Dollars exclusive of interest and costs as

follows:

       a. With respect to its First Claim for Relief against defendant KEITH

PHILLIPS ("Defendant"), upon information and belief a citizen and resident of the State

of New York – residing upon further information and belief for the last several years in

the Village of Nanuet, under and by virtue of 28 U.S.C. Section 1332(a) for the purpose

of recovering the damages together with interest and costs of suit that plaintiff did and

continues to sustain as a result of defendant's fraudulent misrepresentation of material

facts done for the purpose of inducing plaintiff to engage and pay defendant's Company

to produce a television infomercial which has never been produced.

b. With respect to its Second Claim for Relief against defendant under and

by virtue of 28 U.S.C. Section 1332(a) for the purpose of recovering the damages

together with interest and costs of suit that plaintiff did and continues to sustain as a

result of defendant's fraudulent misrepresentation of material facts done for the purpose

of inducing plaintiff to pay defendant's Company moneys that were to be and were not

used for preproduction expenses in having plaintiff's patented product produced.

c. With respect to its Third Claim for Relief against defendant under and

by virtue of 28 U.S.C. Section 1332(a) for the purpose of recovering the damages

together with interest and costs of suit that plaintiff did and continues to sustain as a

result of defendant's fraudulent misrepresentation of material facts done for the purpose

of inducing plaintiff to have defendant's Company represent plaintiff in ordering product

from China.

SECOND: The defendant's conduct relating to each of the Claims for

Relief, as hereinafter alleged and described, occurred within the Southern District of the

State of New York and in particular within the County of Rockland where defendant

upon information and belief at the material times alleged herein has and continues to

reside and where this Court possesses Federal jurisdiction. The venue of this action

pursuant to Section 1391 of Title 28 U.S.C. lies within the geographic area of the United

States District Court for the Southern District of the State of New York.

2

**The Parties**

THIRD: Plaintiff WINDSOR BLACK INC. at the material times hereinafter alleged was and is a corporation organized under the laws of the State of Delaware and with its principal place of business located in Ridgewood, New Jersey. Plaintiff's principals were and continue to be Katie Saladucha ("Saladucha") and Fred Olsen ("Olsen").

FOURTH: Upon information and belief defendant KEITH PHILLIPS has and continues to be a resident of Nanuet, New York and upon further information and belief has and continues to be the principal of W BUY Television LLC, a limited liability company organized under the laws of the State of New York.

**Factual Averments**

FIFTH: Plaintiff repeats and alleges each and every allegation set forth in paragraphs FIRST through FOURTH as though hereinafter fully set forth.

SIXTH: Plaintiff at all of the material times hereinafter alleged has and continues to be engaged in the development and sale of products related to women's intimate apparel and in particular the Bra Wizard and/or Bra Sizer ("Bra Wizard"), a patented product allowing woman to measure accurately their correct bra size.

SEVENTH: Defendant at all of the material times hereinafter alleged has and continues to represent himself and W BUY, upon information and belief his solely owned limited liability company, as experts in producing television Infomercials.

EIGHTH: Plaintiff, in planning a marketing campaign to promote the Bra Wizard, considered in 2004 marketing through cable television by use of a half hour Infomercial featuring its product.

3

NINTH: Plaintiff in considering marketing the Bra Wizard as alleged in Paragraph EIGHTH was aware that to produce an infomercial and purchase adequate air time would greatly exceed its budget and financial ability.

TENTH: Saladucha and Olsen when the marketing campaign was being planned were introduced to defendant who represented that he was experienced in producing Infomercials that could be used to market products like the Bra Wizard through cable television and that his company, W BUY, had been producing Infomercials for several years.

ELEVENTH: Defendant, among other things, materially represented having produced Infomercials for many years, having an excellent reputation and having produced "The Infinite Dress", that had generated millions of dollars in sales. Defendant additionally and materially represented that both he and W BUY had the financial ability to produce a half hour infomercial and to secure appropriate air time and that he was experienced in arranging for the production of featured items and would be able to have the Bra Wizard produced in China under favorable conditions.

TWELFTH: Upon information and belief defendant's representations of possessing many years of experience producing Infomercials, having an excellent reputation in doing so and having produced "The Infinite Dress", were made with the intent and express purpose of inducing plaintiff to rely on them and to engage W BUY to produce an Infomercial featuring the Bra Wizard, and were false and were known by defendant to be false when made.

THIRTEENTH: Upon information and belief defendant's representations that both he and W BUY had the financial ability to produce a half hour Infomercial

4

featuring the Bra Wizard and to buy adequate air time to market it through cable television were made with the intent and express purpose of inducing plaintiff to rely on them and to engage W BUY to produce an Infomercial featuring the Bra Wizard and were likewise false and known by defendant to be false when made.

FOURTEENTH: Upon information and belief defendant's representations of being experienced in arranging for the production of items featured on Infomercials that he was responsible for producing and that he would be able to have the Bra Wizard produced in China under favorable conditions were false and known by defendant to be false when made. Upon further information and belief these representations were made by the defendant with the intent and express purpose of inducing plaintiff to rely on them and engage W BUY and himself to arrange for the production of the Bra Wizard in China at plaintiff's expense and to agree to pay W BUY the production costs for remittance to the factory in China.

FIFTEENTH: Plaintiff, in reliance upon defendant's aforesaid material representations as heretofore set forth, which upon information and belief defendant knew to be false, agreed in 2004 to have W BUY produce a twenty-eight minute Infomercial featuring the Bra Wizard and to have it purchase time to air the Infomercial on cable television in order potentially to reach seventy million households.

SIXTEENTH: Plaintiff, relying upon defendant's representations that he knew to be false paid W BUY in 2004 One Hundred and Fifteen Thousand ($115,000) Dollars for the sole and express purpose that W BUY would produce a twenty-eight minute Infomercial featuring the Bra Sizer that would be aired on cable television.

SEVENTEENTH: Although plaintiff, relying upon defendant's material misrepresentations, paid W BUY One Hundred and Fifteen Thousand ($115,000) Dollars for the production of a twenty-eight minute Infomercial featuring the Bra Wizard, neither defendant or W BUY ever even began to produce any Infomercial.

EIGHTEENTH: Upon information and belief neither W BUY or defendant ever intended to produce an Infomercial for plaintiff but rather intended to and have used the money plaintiff paid for other purposes unrelated to plaintiff and upon further information and belief were and continue to be financially unable to produce and air on cable television an Infomercial featuring the Bra Wizard.

NINETEENTH: Plaintiff did not have any knowledge that defendant and W BUY's were unable and did not intend to produce an Infomercial featuring the Bra Wizard and were unable and did not intend to purchase the air time for an Informercial and thereby knowledge that the representations defendant had heretofore made which plaintiff had relied when it agreed to have W BUY produce an Infomercial and to paid it One Hundred and Fifteen Thousand ($115,000) Dollars until in and about April 2006.

TWENTIETH: Plaintiff, relying upon defendant's representations of being experienced in arranging production of featured Informercial items which defendant knew were false and that he would be able to have the Bra Wizard manufactured in China under favorable conditions agreed to have W BUY arrange to produce the Bra Wizard in China at plaintiff's expense.

TWENTY-FIRST: Plaintiff, relying upon defendant's representations of being experienced in arranging production of featured Infomercial items and his ability to have the Bra Wizard produced in China under favorable circumstances, paid W BUY,

6

starting in mid 2004 and continuing Twenty-Eight Thousand Five Hundred ($28,500)

Dollars for the express purpose of covering preproduction costs for the Bra Wizard.

TWENTY-SECOND: Upon information and belief none of the Twenty-Eight Thousand Five Hundred ($28,500) Dollars that plaintiff paid W BUY were used for preproduction costs and upon further information and belief neither defendant or W BUY ever intended to use any of these funds for that purpose and instead used the moneys for completely unrelated purposes.

TWENTY-THIRD: Plaintiff did not acquire any knowledge of defendant and W BUY's intentions not to use the funds it paid for preproduction costs for that purpose and thereby knowledge that the representations it had relied upon in paying W BUY that money had been false until 2006.

TWENTY-FOURTH: Defendant informed plaintiff in late 2004 that a Hong Kong company, Creazon Production Company Limited ("Creazon"), would be able to produce the Bra Wizard. Plaintiff, relying upon defendant's representations of experience and ability in arranging for the production of Infomercial featured items and his ability to arrange for production in China under favorable circumstances, agreed to have defendant engage Creazon to produce the Bra Wizard and in addition agreed to pay W BUY for the orders placed with Creazon.

TWENTY-FIFTH: Plaintiff, in 2005, relying upon defendant representing to arrange for Creazon to produce Bra Wizards and in addition that W BUY using the moneys plaintiff paid for that purpose would pay Creazon, ordered Ten Thousand Bra Wizards from W BUY and paid defendant and W BUY Forty-Six Thousand Eight Hundred ($46,800) Dollars or $4.68 for each Bra Wizard.

7

TWENTY-SIXTH: Although plaintiff, relying upon defendant's representations to have W BUY arrange for Creazon to produce Ten Thousand (10,000) Bra Wizards, paid W BUY Forty-Six Thousand Eight Hundred ($46,800) Dollars and in further reliance upon the representation that the money would be used to pay Creazon, neither defendant or W BUY upon information and belief ever intended to pay Creazon and except for Four Thousand Six Hundred and Eighty ($4680.00) Dollars none of the moneys were used for that purpose but instead upon further information and belief were for purposes completely unrelated to plaintiff.

TWENTY-SEVENTH: Plaintiff did not acquire any knowledge that W BUY did not intend to pay Creazon for the Bra Wizards it had ordered and thus knowledge that the representations it had relied upon in paying W BUY Forty-Six Thousand Eight Hundred ($46,800) Dollars were false until in and about April 2006.

## AS AND FOR A FIRST CLAIM FOR RELIEF

TWENTY-EIGHTH: Plaintiff repeats and reallges each and every allegation set forth in Paragraphs FIRST through FOURTH and SIXTH through EIGHTEENTH as if hereinafter fully set forth.

TWENTY-NINTH: Plaintiff had it known defendant misrepresented his experience and reputation producing Infomercials and did not have the financial ability to do so as well as to purchase air time for marketing through cable television and moreover never intended to produce an Infomercial, would not have paid W BUY at defendant's instance One Hundred and Fifteen Thousand ($115,000) Dollars to be used to produce an Infomercial and purchase air time.

8

THIRTIETH: Plaintiff, by reason of defendant's false and fraudulent representations as alleged in paragraph TWENTY-NINTH was damaged in the amount of One Hundred and Fifteen Thousand ($115,000) Dollars together with a further undetermined amount as a result of it being financially unable to market the Bra Wizard.

## AS AND FOR A SECOND CLAIM FOR RELIEF

THIRTY-FIRST: Plaintiff repeats and reallges each and every allegation set forth in Paragraphs FIRST through FOURTH and SIXTH through TWENTY-THIRD as if hereinafter fully set forth.

THIRTY-SECOND: Plaintiff, had it known defendant misrepresented his experience in arranging for the production of Informercial featured items and misrepresented his ability to have the Bra Wizard produced in China under favorable conditions and misrepresented that W BUY would use plaintiff's money to pay the preproduction costs, would not have agreed to have defendant arrange for the production of the Bra Wizard in China and would not have agreed to pay W BUY the preproduction costs of Twenty-Eight Thousand Five Hundred ($28,500).

THIRTY-THIRD: Plaintiff, by reason of defendant's false and fraudulent representations as heretofore alleged in paragraph THIRTY-SECOND was damaged in at least the sum of Twenty-Eight Thousand Five Hundred ($28,500) Dollars.

## AS AND FOR A THIRD CLAIM FOR RELIEF

THIRTY-FOURTH: Plaintiff repeats and reallges each and every allegation set forth in Paragraphs FIRST through FOURTH and SIXTH through TWENTY-SEVENTH as if hereinafter fully set forth.

THIRTY-FIFTH: Plaintiff, had it known defendant misrepresented his experience in arranging for the production of Informercial featured items and misrepresented his ability to have the Bra Wizard produced in China under favorable conditions and misrepresented that the funds paid W BUY to pay for the production of the ten thousand Bra Sizers would not be used for that purpose would not have placed a purchase order with defendant and W BUY for the production of Ten Thousand Bra Wizards by Creazon and given the money to W BUY to pay for the items ordered. .

THIRTY-SIXTH: Plaintiff by reason of defendant's false and fraudulent representations as heretofore alleged in paragraph THIRTY-FIFTH was damaged in at least the sum of Forty-Two Thousand Two Hundred and Twenty ($42,220) Dollars.

**WHEREFORE** Plaintiff WINDSOR BLACK INC. prays that this Court grant it judgment against defendant KEITH PHILLIPS on each of its three Claims for Relief and grant it the following relief:

On its First Claim for Relief judgment against defendant KEITH PHILLIPS in the amount of ONE HUNDRED AND FIFTEEN THOUSAND ($115,000) DOLLARS and the costs and disbursements of suit in addition to damages in the form of lost business opportunities as well as increased marketing expenses in an amount to be determined at trial.

On its Second Claim for Relief judgment against defendant KEITH PHILLIPS in the amount of TWENTY-EIGHT THOUSAND FIVE HUNDRED ($28,500) Dollars and the costs and disbursements of suit in addition to damages in the form of lost business opportunities as well as increased marketing expenses in an amount to be determined at trial.

On its Third Claim for Relief judgment against defendant KEITH

PHILLIPS in the amount of FORTY-TWO THOUSAND TWO HUNDRED AND

TWENTY ($42,220) Dollars and the costs and disbursements of suit in addition to

damages in the form of lost business opportunities as well as increased marketing

expenses in an amount to be determined at trial.

All with such other and further relief as to the Court may deemed to be

just and proper in the circumstances.

JOEL FIELD, Esq.
Attorney for Plaintiff WINDSOR BLACK INC.
Westchester Financial Center
50 Main Street
White Plains, New York 10606
(914) 997-7400
Fax: (914) 997-9642

Joel Field (JF-2158)

White Plains, New York
August 16, 2007

PLEASE TAKE NOTICE that Plaintiff WINDSOR BLACK, INC.

herewith remands trial by jury of all issues so triable in this action.

Joel Field (JF-2158)